**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TracBeam, LLC, | Case No. 6:14-cv-678-RWS |
| Plaintiff, | **LEAD CASE** |
| v. | |
| T-Mobile US, Inc., and T-Mobile USA, Inc., | |
| Defendants. | |
| TracBeam, LLC, | Case No. 6:14-cv-680-RWS |
| Plaintiff, | **Consolidated Case** |
| v. | |
| Apple Inc., | |
| Defendant. | |

**TracBeam, LLC's Response to T-Mobile's Motion to Stay Pending an *Inter Partes Review***

**Table of Contents**

I. Introduction ........................................................................................................................ 1
II. The legal standard for granting a stay ............................................................................... 1
III. Each factor weighs against a stay. .................................................................................... 2
    A. Factor 1: TracBeam will be unduly prejudiced by a stay. .................................... 2
        1. TracBeam has a recognized interest in the timely enforcement of its patent rights. ................................................................................ 2
        2. A stay will require postponing the trial date. ............................................. 3
    B. Factor 2: Because this case is not in its infancy, this factor weighs against staying the case. ................................................................................................. 4
        1. A trial date has been set and the parties have engaged in extensive discovery. .................................................................................................. 5
        2. T-Mobile's delay weighs in favor a denying a stay. .................................. 7
    C. Factor 3: T-Mobile's claim that a stay will simplify the issues is speculative. ............................................................................................................ 8
IV. Conclusion ...................................................................................................................... 10

## Table of Authorities

**Cases**

*Affinity Labs of Tex. v. T-Mobile Inc.*,
  2010 WL 1753206 (N.D.Cal. Apr. 29, 2010) ............................................................................. 7

*Brixham Solutions Ltd. v. Juniper Networks, Inc.*,
  2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ........................................................................... 7

*Cypress Semiconductor Corp. v. LG Electronics, Inc.*,
  2014 WL 5477795 (N.D. Cal. Oct. 29, 2014) ........................................................................... 7

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*,
  2013 WL 4483355 (D.Minn. Aug. 20, 2013) ........................................................................... 7

*Evolutionary Intelligence, LLC v. T-Mobile, Inc.*,
  2014 WL 93954 (N.D.Cal. Jan. 9, 2014) .................................................................................. 7

Freeny v. T-Mobile Inc.,
  2014 WL 3611948 (E.D.Tex. July 22, 2014); ........................................................................... 7

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
  2014 WL 4477393 (E.D. Tex. July 25, 2014) ....................................................................... 4, 5

*Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*,
  2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ...................................................................... 2, 4

*NFC Tech. LLC v. HTC Am., Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ................................................................. passim

*Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*,
  2015 WL 627887, (E.D. Tex. Jan. 29, 2015) ........................................................................ 2, 4

*Rensselaer Polytechnic Inst. v. T-Mobile Inc.*,
  2014 WL 201965 (N.D.N.Y. Jan. 15, 2014) ............................................................................. 7

*Soverain Software, LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) ...................................................................................... 1

*Trover Grp., Inc. v. Dedicated Micros USA*,
  2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ................................................................. passim

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
  2013 WL 5701529 (D.Del. Oct. 21, 2013) ............................................................................... 7

*Unifi Scientific Batteries, LLC v. Sony Mobile Commc'ns AB*,
  2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) ....................................................................... 2, 4

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F.Supp.2d 1028 (C.D.Cal.2013) ........................................................................................ 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................................................ 6

**Statutes**

35 U.S.C. § 313.............................................................................................................. 3
35 U.S.C. § 314.............................................................................................................. 3
35 U.S.C. § 316.............................................................................................................. 4

I.     **Introduction**

T-Mobile moves to stay this case pending the result of eight recently filed Petitions for *Inter Partes* Review.  T-Mobile's request for a stay must be denied because each of the relevant factors that this Court must consider weighs against a stay.

*First,* a stay in this case will unduly prejudice TracBeam because it will require postponing the trial date and will delay TracBeam's enforcement of its patent rights.

*Second*, a stay would "interfere with an ongoing proceeding" in which a trial date has been set, the parties have already served infringement and invalidity contentions, submitted a joint claim construction statement, and extensive discovery has been conducted.  Moreover, T-Mobile delayed the filing of both its Petitions for post-grant review and its motion to stay.

*Finally*, because the PTAB has not yet decided whether to grant the *inter partes* review, a stay will not serve the purpose of simplifying the issues in this case.  Indeed, the Courts in this district universally deny motions to stay where the PTAB has not yet decided whether to grant the *inter partes* review petition.   Because all of the relevant factors weigh against a stay, the Court should deny T-Mobile's motion.

II.    **The legal standard for granting a stay**

Three factors are relevant to motions to stay generally:

"(1) whether the stay will unduly prejudice the nonmoving party,

(2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and

(3) whether the stay will likely result in simplifying the case before the court."

*NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (J. Bryson); *see Soverain Software, LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

This standard applies to T-Mobile's motion to stay pending *inter partes* review. *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (J. Bryson).

### III. Each factor weighs against a stay.

Because each factor weighs against a stay, T-Mobile's motion should be denied.

#### A. Factor 1: TracBeam will be unduly prejudiced by a stay.

The first factor considers whether the stay will unduly prejudice the non-moving party or present a tactical advantage to the moving one. This factor weighs against a stay of this case.

##### 1. TracBeam has a recognized interest in the timely enforcement of its patent rights.

A stay will unduly prejudice TracBeam because TracBeam has a recognized interest in the timely enforcement of its patent rights. *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) ("the plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights"); *Unifi Scientific Batteries, LLC v. Sony Mobile Commc'ns AB*, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) ("SB has a recognized interest in the timely enforcement of its patent rights."); *Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) ("Turning to the first factor, the Court acknowledges that a patent holder has 'an interest in the timely enforcement of its patent right.'").

T-Mobile suggests that this interest depends on whether TracBeam is currently practicing the asserted patents and competes with T-Mobile. Mot. 7 ("TracBeam is not a competitor of T-Mobile. . . TracBeam is a non-practicing entity that focuses exclusively on licensing its patents and suing alleged infringers."). T-Mobile is wrong. *See Rembrandt Wireless Technologies, LP v. Samsung Electronics Co.*, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) ("Defendants also argue that "Rembrandt is a non-practicing entity in the business of licensing its patents and is not

2

a competitor in the marketplace with Samsung." (Mot. at 8.) <u>However, the mere fact that Rembrandt is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date. Accordingly, taken as a whole, this factor weighs against a stay</u>.") (emphasis added).

In addition, if the case is stayed and then only un-stayed after the final resolution of all appeals of any IPRs that are instituted, the patents will by then be expired. This prejudices TracBeam's ability to successfully enforce its patent rights, at minimum because the importance of the patents and our infringement claims will be more difficult to demonstrate to the jury in a context in which the patents have already expired.

Accordingly, because staying this case will delay TracBeam's ability to enforce its patent rights, this factor weighs against a stay. Moreover, this factor weighs more heavily against a stay for the following reason.

### 2. A stay will require postponing the trial date.

T-Mobile argues that "[t]he maximum one-year and four-month delay while the IPRs run their course to completion is by itself insufficient to establish undue prejudice." Mot. 8. T-Mobile is wrong. Indeed, a stay of this case pending the *inter partes* review will likely result in postponing the trial in this case that is set to begin on September 26, 2016, to some indeterminate date in the future that may end up being several years away. This result weighs heavily in favor of denying the stay.

T-Mobile filed its IPRs on August 7 and August 11, 2015, with its last filing occurring on the last day of the filing deadline. TracBeam's preliminary responses are not due until mid-November 2015, and it may take the PTAB up to six months from the date of the filing of T-Mobile's petition to decide whether to institute *inter partes* review. *See* 35 U.S.C. §§ 313 and 314(b). If trial is instituted, the proceedings before the PTAB will take up to 18 months. *See* 35

3

U.S.C. § 316(a)(11). And this period could be extended even further if the PTAB's final decision is appealed. *Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) (denying motion to stay because "final does not always have its plain and ordinary meaning at the USPTO.").

Accordingly, a stay pending the resolution of T-Mobile's IPRs could require postponing trial for over two years or more. Courts in this district have repeatedly recognized that the prejudice to a patent holder is stronger, and thus the prejudice factor weighs more heavily against a stay, in cases where granting a stay could result in a multi-year delay and would require pushing back a trial date. *Lennon Image Technologies*, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014)("Staying the action for such an indefinite period of time would essentially remove the Court's discretion regarding control of its own docket and hold the Court in limbo awaiting determinations that could take years to reach an absolute resolution."); s*ee also, Rembrandt Wireless Technologies, LP v. Samsung Electronics Co*., 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015) (delay of up to 18 months significant prejudice when trial is approaching); *Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014) ("the PTAB may not complete its reviews until February 2016, well beyond the current October 13, 2015 trial date"); *Unifi Scientific Batteries, LLC v. Sony Mobile Commc'ns AB*, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) ("the PTO can extend that deadline by 6 months to March 2015 which would delay the case beyond the November 10, 2014 and February 9, 2015 trial dates set in the Docket Control Order since December 19, 2012").

**B.   Factor 2: Because this case is not in its infancy, this factor weighs against staying the case.**

Factor 2 weighs in favor of a stay when a case is at its infancy. *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015). This factor weighs against a stay

4

when the case is "far enough along that a stay would interfere with ongoing proceedings." *Id.* For example, this factor weighs against a stay when "a trial date was set, and both parties had exchanged their preliminary claim constructions and intrinsic and extrinsic evidence in compliance with P.R. 4-2 for the upcoming Markman hearing." *Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs").

### 1. A trial date has been set and the parties have engaged in extensive discovery.

T-Mobile argues that this case should be stayed because "the parties have engaged in minimal discovery." Mot. 15. T-Mobile is wrong. This case is not at its infancy; it is well on its way to trial. Trial has been set. And at the time T-Mobile filed this motion, the parties had already served infringement and invalidity contentions, and had exchanged preliminary claim constructions and intrinsic and extrinsic evidence in compliance with P.R. 4-2. The parties have also expended considerable time preparing the Joint Claim Construction and Prehearing Statement in compliance with P.R. 4-3, which was filed with the Court on October 20, 2015, seven days after T-Mobile filed this motion.

Moreover, the parties have engaged in extensive discovery, including substantial document production, and TracBeam has spent significant time and resources inspecting source code. In addition, numerous depositions have been scheduled in this consolidated action. And by the time the PTAB reaches a decision on whether to institute review based on T-Mobile's Petitions (February 2016), the claim construction process will be over, the parties will likely have a claim construction order in hand, and opening expert reports will already have been

exchanged.[1] Accordingly, this factor weighs heavily against a stay now, and will weigh even more heavily against a stay after the PTAB issues decisions.

T-Mobile argues that "this Court and others have granted stays pending IPRs in cases that were much further along that this action." None of the cases cited by T-Mobile, however, weighs in favor of a stay here.

In *NFC Tech*, the Court held that this factor "cuts slightly against the issuance of a stay." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *4 (emphasis added). The Court granted the motion to stay, however, because two of the IPR proceedings had already been granted. *Id*. ("Thus, it is important to the Court's decision that in this case the PTAB has acted on two of the defendants' three petitions for inter partes review and in doing so has instituted inter partes review proceedings on most of the claims at issue in this case."). That factor does not exist here.

Similarly, in *Norman IP Holdings*, "the USPTO ha[d] already rejected a number of the claims asserted against ADTRAN by Norman and . . . all of the asserted claims [were] undergoing reexamination or [were] subject to pending petitions for IPR." *Id*. at 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014); *see also Trover Grp., Inc. v. Dedicated Micros USA,* 2015 WL 1069179, at *6, n. 2 (E.D. Tex. Mar. 11, 2015). Moreover, "the parties' claim construction positions had not been submitted, and a Markman hearing was several months away." *Norman IP* at *3. These facts do not exist here.

And in each of the out of district cases relied upon by T-Mobile, there was little to no discovery conducted, and a trial date had not been set, at the time that the motion to stay was

---

[1] "While district courts should generally consider 'whether discovery is complete and whether a trial date has been set' as of the date of the stay motion, there was no error in also taking into account the stage of litigation as of the date that CBM review was granted." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1326 (Fed. Cir. 2014).

6

filed. *See Brixham Solutions Ltd. v. Juniper Networks, Inc.*, 2014 WL 1677991, at *2 (N.D. Cal. Apr. 28, 2014) ("[A]lthough some written and document discovery has been conducted, the case is at a relatively early stage. The Court has not set dates for fact or expert discovery cut-offs or for trial."); *Cypress Semiconductor Corp. v. LG Electronics, Inc.*, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) ("There has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set.").

### 2. T-Mobile's delay weighs in favor a denying a stay.

"Another consideration that bears on this factor is whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015). Even when "this factor might otherwise appear neutral or to cut against granting a stay," it will "cut strongly against a stay" because of a moving party's "delay in filing their petition for *inter partes* review with the PTAB and their delay in filing their motion for a stay with this Court." *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *3-4 (E.D. Tex. Mar. 11, 2015) (collecting cases and citing *Freeny v. T-Mobile Inc.*, No. 2:13–cv–361, 2014 WL 3611948, at *2 (E.D.Tex. July 22, 2014); *Rensselaer Polytechnic Inst. v. T-Mobile Inc.*, No. 2:13–cv–633, 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014); *Evolutionary Intelligence, LLC v. T-Mobile, Inc.*, No. C 13–4201, 2014 WL 93954, at *4 (N.D.Cal. Jan. 9, 2014); *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12–646, 2013 WL 5701529, at *6 (D.Del. Oct. 21, 2013); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, Civil No. 122730, 2013 WL 4483355, at *2 (D.Minn. Aug. 20, 2013); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1031 (C.D.Cal.2013); *Affinity Labs of Tex. v. T-Mobile Inc.*, No. 09–4436, 2010 WL 1753206, at *2 (N.D.Cal. Apr. 29, 2010)).

TracBeam filed suit against T-Mobile to enforce the asserted patents on August 8, 2014.

7

T-Mobile filed certain of its petitions for IPR on August 7, and its remaining petitions on August 11, 2015—eleven months and thirty days after service of the complaint, over four months after we served our infringement contentions, and on the last day of the statutory deadline for filing the *inter partes* review petitions.  Moreover, T-Mobile waited an <u>additional two months</u> after it filed its IPRs to bring this motion to stay.

In *Trover*, the court found that such a delay weighed heavily against granting a stay.  In that case, the defendants "delayed for months before filing their petition for *inter partes review* with the PTAB" even after serving their invalidity contentions.  *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *3-4 (E.D. Tex. Mar. 11, 2015).  And "[e]ven after filing their petition, the defendants waited nearly another month before seeking a stay from this Court."  *Id.* at *3.  Judge Bryson (sitting by designation) held that because of this delay, this factor weighed strongly against a stay.  He explained:

> The defendants could have filed their motion for a stay at a time when the case could truly be said to have been in its infancy. At that time, a stay could have been granted without substantially interfering with the proceedings before the Court. But by delaying in filing their petition and then further delaying in filing their motion to stay, the defendants have allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties. Because this factor was within the defendants' control, the Court is not sympathetic with the defendants' contention that they will be exposed to potentially unnecessary expenses in the absence of a stay.

*Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *3-4 (E.D. Tex. Mar. 11, 2015).

T-Mobile's delay in filing its IPR petitions, and its further two-month delay in bringing this motion to stay after it filed its petitions weighs heavily against granting a stay in this case.

    **C.**    **Factor 3:  T-Mobile's claim that a stay will simplify the issues is speculative.**

Until the PTAB rules on T-Mobile's Petitions, any simplification of the issues or reduction in the burden of litigation is speculative.  For this reason, in this district, it is "not just

the majority rule; it is the universal practice" to deny pre-institution motions to stay. *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015).

Indeed, Judge Bryson's "survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay." *Id.* (collecting cases and citing *Gonzalez v. Infostream Grp., Inc.*, No. 2:14–cv–906 (E.D.Tex. Mar. 2, 2015); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13–cv–213, 2015 WL 627887 (E.D. Jan. 29, 2015); *3rd Eye Surveillance, LLC v. Town of Addison, Texas*, No. 6:14–cv–536, 2015 WL 179000 (E.D.Tex. Jan. 14, 2015); *Network–1 Sec. Solutions, Inc. v. Alcatel–Lucent USA Inc.*, No. 6:11–cv–492 (E.D.Tex. Jan. 5, 2015); *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13–cv–1113 (E.D.Tex. Nov. 21, 2014); *E–Watch Inc. v. T-Mobile, Inc.*, No. 2:13–cv–1061 (E.D.Tex. Nov. 21, 2014); *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13–cv–235, 2014 WL 4652117 (E.D.Tex. Sept. 18, 2014); *Personal Audio, LLC v. Togi Entm't, Inc.*, No. 2:13–cv–13 (E.D.Tex. Aug. 1, 2014); *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12–cv–799, 2014 WL 4477393 (E.D.Tex. July 25, 2014) (PTAB granted review of some claims of some patents, but not other claims and patents in suit); *Freeny v. T-Mobile, Inc.*, No. 2:13–cv–361, 2014 WL 3611948 (E.D.Tex. July 22, 2014); *Lennon Image Techs., LLC v. Lumondi Inc.*, No. 2:13–cv–238 (E.D.Tex. Jan. 6, 2014)).

Simply put, the "'simplification' factor does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review." *Trover*, 2015 WL 1069179, at *4 (E.D. Tex. Mar. 11, 2015); *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)("While the PTAB's decision to institute inter partes review ordinarily means that there is a substantial likelihood of simplification of the district court litigation, that likelihood is far more speculative before the PTAB decides whether to institute

9

inter partes review. For that reason, the grant of *inter partes* review has been treated as a highly significant factor in the courts' determination of whether to stay cases pending PTAB review.").

And the fact that from a statistical perspective, "there is a strong likelihood that at least some of the eighteen IPR petitions will be instituted and at least some of the instituted claims will be cancelled," does not change this result. Mot. 10-11. "[T]he overall statistics for the number of petitions that are reviewed and the number of claims that are invalidated are not especially enlightening as to the likely disposition of any particular patents or claims, since the likelihood of invalidation depends entirely on the particulars of the patents and claims in dispute. Thus, it would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the PTAB will institute inter partes review in this case and invalidate some or all of the claims of the '346 patent." *Id.* at *4.

Because the PTAB has not yet ruled on whether it will grant T-Mobile's petitions, the "'simplification of the issues' factor cuts strongly against a stay." *Trover*, 2015 WL 1069179, at *7 (E.D. Tex. Mar. 11, 2015).

**IV. Conclusion**

Each of the factors in this case weighs against a stay. T-Mobile's motion must therefore be denied.

Date: 10/30/2015                                    Respectfully submitted,

By: /s/ *Julien A. Adams*
Julien A. Adams (admitted to practice in
the Eastern District of Texas)
E-mail: julien@dovel.com
CA State Bar No. 156135
John Jeffrey Eichmann (admitted to
practice in the Eastern District of Texas)
E-mail: jeff@dovel.com
CA State Bar No. 227472
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600

        Santa Monica, CA 90401
        Telephone:  310-656-7066
        Facsimile:  310-657-7069

        Elizabeth L. DeRieux
        Email:  ederieux@capshawlaw.com
        State Bar No. 05770585
        **CAPSHAW DERIEUX, LLP**
        114 E. Commerce
        Gladewater, Texas 75647
        Telephone: (903) 236-9800
        Facsimile: (903) 236-8787

        Robert Christopher Bunt
        State Bar No. 00787165
        Charles Ainsworth
        State Bar No. 00783521
        **PARKER, BUNT & AINSWORTH PC**
        100 East Ferguson, Ste. 1114
        Tyler, TX 75702
        Telephone: (903) 531-3535
        Facsimile: (903) 533-9687
        Email: rmparker@pbatyler.com
        Email: rcbunt@pbatyler.com
        Email: charley@pbatyler.com

        **ATTORNEYS FOR PLAINTIFF**
        **TRACBEAM, LLC**

### Certificate of Service

    I certify that this document is being filed electronically and, as a result, is being served on counsel of record through the Electronic Filing System on the filing date listed above.

        /s/ *Julien A. Adams*
        Julien A. Adams